J-A16008-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERREL NOAKS | |
| Appellant | No. 1138 WDA 2014 |

Appeal from the Judgment of Sentence imposed June 16, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0013737-2011

BEFORE: STABILE, J., FORD ELLIOTT, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.: **FILED AUGUST 25, 2017**

Appellant, Terrel Noaks, appeals from the judgment of sentence imposed on June 16, 2014 in the Court of Common Pleas of Allegheny County, following his convictions of third degree murder and firearms not to be carried without a license.[1] Appellant asserts trial court error for denying the motion to sever his trial from that of his co-defendant, Jerod Cager ("Cager"), and argues the evidence was insufficient to support each of his two convictions. Following review, we affirm.

Appellant and Cager were arrested following the August 14, 2011 shooting death of Antwan Leake ("Leake") that took place in the kitchen of a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2502(c) and 6106(a)(1), respectively.

Pittsburgh home owned by the aunt of Leake's girlfriend, Kiona Sirmons ("Sirmons"). Sirmons and several of her girlfriends were in the living room of the home when the shooting occurred. Immediately after the shooting Sirmons called 9-1-1 and explained that her boyfriend had been shot and was dead. She and her girlfriends then hid upstairs in the home until police arrived.

Both Appellant and Cager were charged with criminal homicide, firearms not to be carried without a license, and conspiracy. Appellant filed a motion to sever, claiming that evidence that could be presented against Cager—including evidence relating to phone records and stemming from other bad acts, including gun and drug transactions—would be prejudicial to Appellant. Following a September 6, 2013 hearing, the trial court denied the motion to sever, but directed counsel to confer on redactions to Cager's statement and precluded the Commonwealth from introducing certain evidence of guns recovered from Cager at the time of his arrest or Cager's drug dealing. The court also indicated it would provide appropriate jury and limiting instructions consistent with **Commonwealth v. Brown**, 925 A.2d 147 (Pa. 2007). Order, 9/6/13, at 1.

The case proceeded to trial on Thursday, January 23, 2014, and continued through Friday, January 31, 2014. The jury began its deliberations on Monday, February 3, and reached a verdict shortly before noon on Tuesday, February 4. As noted above, the jury found Appellant

- 2 -

guilty of third degree murder and the firearms violation. The jury convicted Cager of first degree murder[2] and the identical firearms violation. The jury acquitted both men of conspiracy.

On June 16, 2014, the trial court sentenced Appellant to a minimum of 200 months and a maximum of 480 months at SCI Camp Hill for third degree murder and a concurrent sentence of 25 to 50 months for the firearms violation. On the same day, the trial court sentenced Cager to life in prison without the possibility of parole at SCI Camp Hill for first degree murder and a concurrent sentence of 40 to 80 months for the firearms violation.

Appellant filed this timely appeal on July 16, 2014. He and the trial court complied with Pa.R.A.P. 1925. In his Rule 1925(b) statement, Appellant raised nine issues, three of which he asks us to consider on appeal as follows:

> I. Did the trial court err when it denied [Appellant's] motion to sever his trial from that of his co-defendant [Cager], as prejudicial evidence that was admissible against the co-defendant would not have been admissible against [Appellant]?
>
> II. Did the Commonwealth present sufficient evidence to convict [Appellant] of carrying a firearm without a license, as no witness testified they saw [Appellant] with a weapon at any time—let alone with a concealed, operable firearm?

---

[2] 18 Pa.C.S.A. § 2502(a).

III.    Did the Commonwealth present sufficient evidence to convict [Appellant] of third-degree murder, as no witness at trial identified [Appellant] as being present at the scene of the crime, and the Commonwealth presented no scientific evidence that linked [Appellant] to the crime scene?

Appellant's Brief at 6.

In his first issue, Appellant challenges the denial of his motion to sever, claiming prejudicial evidence was admitted at trial that would not have been admissible in a separate trial against Appellant. As our Supreme Court has recognized, "Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." *Commonwealth v. Wholaver*, 989 A.2d 883, 898 (Pa. 2010) (citing *Commonwealth v. Newman*, 528 Pa. 393, 598 A.2d 275, 277 (1991)). *See also Brown*, 925 A.2d at 161 ("Severance questions fall within the discretion of the trial judge and an order denying severance will not be overturned on appeal absent an abuse of discretion. When conspiracy is charged, a joint trial generally is advisable.") (citations omitted).

Rule of Criminal Procedure 582 (Joinder—Trial of Separate Indictments of Informations) provides, in relevant part:

(A)    Standards

   (1)    Offenses charged in separate indictments or informations may be tried together if:

      (a)    the evidence of each of the offenses would be admissible

> in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion; or
>
> (b)    the offenses charged are based on the same act or transaction.
>
> (2)    Defendants charged in separate indictments or informations may be tried together if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses.

Pa.R.Crim.P. 582(A). Rule of Criminal Procedure 583 (Severance of Offenses or Defendants) provides that "[t]he court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

Both Appellant and the Commonwealth quote ***Commonwealth v. Brookins***, 10 A.3d 1251 (Pa. Super. 2010), *appeal denied*, 22 A.3d 1033 (Pa. 2011), for the three factors recognized as persuasive in determining whether the prejudice suffered by the defendants rises to the level that warrants severance. Those factors are:

> (1) Whether the number of defendants or the complexity of the evidence as to the several defendants is such that the trier of fact probably will be unable to distinguish the evidence and apply the law intelligently as to the charges against each defendant; (2) Whether evidence not admissible against all the defendants probably will be considered against a defendant notwithstanding

admonitory instruction; and (3) Whether there are antagonistic defenses.

*Id.* at 1256 (citation omitted). Further, "a defendant claiming error on appeal has the burden of demonstrating that he suffered actual, not speculative, prejudice because of the ruling permitting a joint trial." **Brown**, 925 A.2d at 162 (citation omitted).

In its Rule 1925(a) opinion, the trial court noted that its ruling denying Appellant's motion to sever included directives for counsel to confer on appropriate redactions to Cager's statement and a prohibition against evidence relating to the guns recovered from Cager as evidence of his drug dealing. The court also agreed to provide a jury instruction and a limiting instruction consistent with **Brown, supra**. Rule 1925(a) Opinion, 8/5/16, at 13.

The trial court explained:

> **Commonwealth v. Brown**, which involves similar facts, contains persuasive reasoning. 925 A.2d 147 (Pa. 2007). The **Brown** court observed that both defendants were charged with [c]onspiracy, the other crimes charged were essentially the same, and one witness's testimony was the key evidence against both defendants. **Brown** at 163. Moreover, the defenses were not in irreconcilable conflict, and the primary challenge for both defendants was the same: to convince the jury not to credit the testimony of the key witness. **Id.** Likewise, in the matter *sub judice*, both defendants were charged with [c]onspiracy and similarly charged at the remaining counts. The primary obstacle for each was to discredit the identification made by Sirmons to police. The **Brown** court found that the jury did not have to disregard the defense of one defendant to accept the defense of the other. **Id.** Following the same logic, this [c]ourt properly denied [Appellant's] [m]otion to [s]ever.

*Id.* at 13-14.

We agree. While there was certainly more evidence presented against Cager than against Appellant, the evidence was not so complex as to render the jury unable to distinguish the evidence and intelligently apply the law as instructed by the trial court. There is no basis for concluding that evidence not relevant to Appellant was considered against him. In fact, the jury's finding that Cager was guilty of first degree murder whereas Appellant was guilty of third degree murder suggests that the jury was able to weigh the evidence against the two defendants separately. Moreover, as the trial court observed, their defenses were not antagonistic.

Again, our standard of review directs that we not reverse the trial court's ruling on severance absent a manifest abuse of discretion, prejudice, or clear injustice to Appellant. We find none of those here. Appellant's first issue fails.

In his second and third issues, Appellant challenges the sufficiency of the evidence supporting his convictions. In its Rule 1925(a) opinion, the trial court provided a detailed summary of the evidence presented during the seven-day trial, with citations to the record. Having reviewed the trial transcripts in their entirety, we conclude that the trial court has provided a fair and accurate review of the testimony. Therefore, we adopt the trial court's "Summary of the Evidence" as our own and incorporate it herein by reference as if fully set forth. Rule 1925(a) Opinion, 8/5/16, at 3-10.

In **Commonwealth v. Rahman**, 75 A.3d 497 (Pa. Super. 2013), this Court instructed:

> We are guided by the following standard of review when presented with a challenge to the sufficiency of the evidence supporting a defendant's conviction:
>
>> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record "in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence." **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751 (2000). Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Id.** at 500-01 (Pa. Super. 2013) (quoting **Commonwealth v. Pettyjohn**, 64 A.3d 1072, 1074 (Pa. Super. 2013) (internal citations and quotations omitted)).

In his second issue, Appellant challenges the sufficiency of evidence supporting his conviction of firearms not to be carried without a license under 18 Pa.C.S.A. § 6106(a)(1). Specifically, Appellant argues there was no testimony indicating anyone saw Appellant with a weapon. With respect to sufficiency of evidence for a violation of § 6106(a)(1), our Court has held:

> In order to convict a defendant for carrying a firearm without a license, the Commonwealth must prove: (a) that the weapon was a firearm, (b) that the firearm was unlicensed, and (c) that

where the firearm was concealed on or about the person, it was outside his home or place of business.

***Commonwealth v. Parker***, 847 A.2d 745, 750 (Pa. Super. 2004) (citations and footnote omitted).

As explained in ***Parker***, the Commonwealth's burden of proof may be sustained by wholly circumstantial evidence "so long as the combination of the evidence links the accused to the crime beyond a reasonable doubt." ***Id.*** Further, "[a]lthough a conviction must be based on 'more than mere suspicion or conjecture, the Commonwealth need **not** establish guilt to a mathematical certainty.'" ***Id.*** (quoting ***Commonwealth v. Coon***, 695 A.2d 794, 797 (Pa. Super. 1997) (citations omitted) (emphasis in original)). And, finally, "when reviewing the sufficiency of the evidence, this Court may not substitute its judgment for that of the fact-finder; if the record contains support for the convictions they may not be disturbed." ***Id.*** (quoting ***Commonwealth v. Marks***, 704 A.2d 1095, 1098 (Pa. Super. 1997) (additional citation omitted)).

Addressing the sufficiency of evidence to support the firearms conviction, the trial court observed:

> The parties stipulated that [Appellant] was a person unable to lawfully possess a firearm.[3]  [A Commonwealth witness] testified that he had purchased a gun with Cager's money and handed it to Cager in [the witness's] car immediately after purchase.  Ballistic evidence indicated that the fatal wounds

---

[3] Appellant was sixteen years of age as of the date of the murder.

were inflicted by the same or a similar gun. Eyewitness identification, cell phone evidence and ballistic evidence from the crime scene placed a second shooter, [Appellant], at the scene. Cell phone records indicated that [Appellant] and Cager were in the vicinity of the murder at the time of its commission. The ballistic evidence established that two guns were used at the scene and eyewitness testimony established that [Appellant] and Cager fled from the kitchen shortly after shots were fired. These facts suffice to establish the crime of [c]arry a [f]irearm [w]ithout a [l]icense.

Rule 1925(a) Opinion, 8/5/16, at 23. We agree with the trial court that the evidence, viewed in the light most favorable to the Commonwealth, was sufficient to support Appellant's conviction of firearms not to be carried. The evidence established that Appellant was not licensed to carry a firearm. Despite Appellant's assertions to the contrary, there was testimony Leake was killed by shots fired from two firearms and that Appellant and Cager fled from the kitchen after the shots were fired. No firearms were discovered in the kitchen, other than one not involved in the shooting that was recovered from the waistband of Leake's pants. Circumstantial evidence supports the finding that the firearm was concealed on Appellant's person when he entered the home and when he fled from the kitchen. As such, the firearm was concealed outside Appellant's home or place of business. Appellant is not entitled to relief on his second issue.

Appellant's third issue challenges the sufficiency of the evidence supporting his conviction of third degree murder. Section 2502 of the Crimes Code defines murder as follows:

(a) Murder of the first degree.—A criminal homicide constitutes murder of the first degree when it is committed by an intentional killing.

(b) Murder of the second degree.—A criminal homicide constitutes murder of the second degree when it is committed while defendant was engaged as a principal or an accomplice in the perpetration of a felony.

(c) Murder of the third degree.—All other kinds of murder shall be murder of the third degree. Murder of the third degree is a felony of the first degree.

18 Pa.C.S.A. § 2502(a)-(c).  In **Commonwealth v. Truong**, 36 A.3d 592 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012), this Court explained:

Third degree murder occurs when a person commits a killing which is neither intentional nor committed during the perpetration of a felony, but contains the requisite malice. Malice is not merely ill-will but, rather, wickedness of disposition, hardness of heart, recklessness of consequences, and a mind regardless of social duty.  Malice may be inferred from the use of a deadly weapon on a vital part of the victim's body.  Further, malice may be inferred after considering the totality of the circumstances.

**Id.** at 597-98 (quotations and internal citations omitted).

Appellant again asserts the evidence was insufficient to support his conviction because no witness testified he was present at the scene of the crime and that the Commonwealth failed to produce scientific evidence to link him to the crime scene.  We cannot agree.

In determining the evidence was sufficient to support Appellant's third degree murder conviction, the court reasoned:

- 11 -

> According to the testimony, two men entered the house, proceeded directly to the kitchen and shot Leake multiple times, causing his death. Two eyewitnesses identified Cager and [Appellant] as running out of the kitchen immediately after shots were fired. Ballistic evidence from the crime scene match a gun Cager had obtained illegally. Cell phone records put Cager and [Appellant] in proximity to the crime at the time of its commission as well as in regular communication with each other. These facts, taken together, suffice to establish the basis for Appellant's conviction for [m]urder in the [t]hird [d]egree.

Rule 1925(a) Opinion, 8/5/16, at 22.

As noted above, circumstantial evidence can support a conviction if the evidence links the accused to the crime beyond a reasonable doubt. Further, the Commonwealth need not establish guilt to a mathematical certainty. We agree with the trial court that the combination of evidence, viewed in the light most favorable to the Commonwealth, links Appellant to the crime scene beyond a reasonable doubt. Again, we may not substitute our judgment for that of the jury as fact-finder because the record contains support for the conviction. *See Parker*, 847 A.2d at 750. Appellant's sufficiency challenge to his third degree murder conviction fails.

Appellant is not entitled to relief on any of his three issues. Therefore, we affirm his judgment of sentence. In the event of further proceedings, the parties shall attach a copy of the trial court's Rule 1925(a) opinion to their filings.

Judgment of sentence affirmed.

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/25/2017